CV 13-3525

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MATSUMOTO, J.

-------------------------------------------------------------------X
GEORGE TAYLOR,

                            Plaintiff,                                **COMPLAINT**

     -against-

GO, M.J.

THE CITY OF NEW YORK,                                      JURY TRIAL
POLICE OFFICER RUSTAM MUKHUTDINOV (Tax 942248),   DEMANDED
and JOHN DOES 1-5,

                            Defendants.
-------------------------------------------------------------------X

Plaintiff GEORGE TAYLOR by and through his attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff GEORGE TAYLOR seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42, this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

1

3. Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5. Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are triable.

## PARTIES

7. Plaintiff GEORGE TAYLOR is an adult male and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings.

8. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks

incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

10. Defendant POLICE OFFICER RUSTAM MUKHUTDINOV (Tax 942248), was at all times relevant herein, a duly appointed and acting officer, servant, employee and agent of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to the 69th Precinct of the New York City Police Department. Defendant Mukhutdinov is sued herein in his official and individual capacities. Upon information and belief, Defendant Mukhutdinov is currently assigned to the 14th Precinct.

11. Defendants JOHN DOES 1-5 are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. The Doe Defendants are sued herein in their official and individual capacities.

12. The individual defendants were at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK. The individual defendants were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The individual defendants are sued herein in their official and individual capacities.

## STATEMENT OF FACTS

13. On August 30, 2011 (the "date of the arrest"), at approximately 5:45 p.m., plaintiff was

lawfully present inside of his lawfully parked vehicle located in front of or near 855 East 95th Street at or near its intersection with Foster Avenue in the County of Kings, City and State of New York (the "scene of the arrest").

14. The keys were not in the ignition and plaintiff was not driving or operating the vehicle.

15. Plaintiff was not engaged in any unlawful or suspicious activity.

16. At this time, defendants Mukhutdinov and John Doe 1 arrived on the scene in uniform and on duty.

17. Without any legal basis or justification for doing so, defendants Mukhutdinov and John Doe 1 approached plaintiff, asked for his identification, and began questioning him.

18. The plaintiff was not engaged in any suspicious or illegal conduct and he complied with defendants' requests.

19. Although there was no legal basis or justification for doing so, the defendants pulled plaintiff from the vehicle and searched plaintiff.

20. The search yielded no evidence of guns, drugs, or contraband.

21. Despite the absence of any evidence of wrongdoing in the part of plaintiff, the defendants applied excessively tight handcuffs to the plaintiff and formally arrested him.

22. The defendants then searched plaintiff's vehicle without any legal justification or excuse, and the search yielded no evidence of any guns, drugs, or contraband.

23. Defendants Mukhutdinov and John Doe 1 then placed plaintiff into their vehicle and injured his back and neck in the process.

24. Plaintiff was then taken by the defendants to a local area precinct believed to be the 69th Precinct of the New York City Police Department.

25. Plaintiff complained to the defendants of the excessively tight handcuffs and of the pain he

was experiencing as a result of the neck and back injuries he sustained at the hands of the defendants.

26. Plaintiff was held for several hours at the 14th Precinct before he was taken to Brookdale Hospital by John Does 2 and 3 to receive treatment for the injuries he sustained at the hands of the defendants.

27. Plaintiff remained at the hospital for several days, was handcuffed to his hospital bed, and remained in the custody of the defendants, including John Does 4 and 5.

28. From the hospital, plaintiff was then taken to Kings County Central Booking where he was held for several hours.

29. Plaintiff was strip searched while in custody.

30. Plaintiff was eventually arraigned on a criminal complaint sworn to and made on the basis of allegations given by the defendant officers, including Defendant Mukhutdinov.

31. Plaintiff was prosecuted over the course of several years pursuant to the allegations sworn to by defendant Mukhutdinov, and made on the basis of false allegations supplied by all of the individually named defendants, before the charges against him were dismissed.

32. The factual allegations sworn to by the defendants against plaintiff to justify his arrest, detention, and arraignment were materially false and deliberately made to justify the illegal search, arrest, and excessive force perpetrated by the defendants against plaintiff.

33. It was objectively unreasonable for the defendants to arrest plaintiff, as there was no evidence that he had engaged in any unlawful conduct.

34. At no time prior to or during the encounter and/or arrest did there exist probable or otherwise legally sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

35. At no time did there exist any basis to use any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was reasonable, lawful, appropriate, or necessary.

36. At no time prior to or during the encounter was there sufficient legal cause to believe that plaintiff was engaged in any unlawful or suspicious activity.

37. At no time did any of the defendants take steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against plaintiff.

38. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein.

39. At all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests without legal justification or excuse.

### AS AND FOR A FIRST CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
### BY THE INDIVIDUAL DEFENDANTS

40. Plaintiff GEORGE TAYLOR repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

41. By their conduct and actions in arresting, imprisoning, failing to intercede on behalf of GEORGE TAYLOR and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of the defendants, the defendants, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of

their acts, caused plaintiff to be unlawfully subjected to excessive and unreasonable force, unlawful strip search, false arrest, malicious prosecution, and caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

42. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
### BY THE CITY OF NEW YORK

43. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

44. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and the individuals defendants, had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

45. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline its employees and police officers, including the individual defendants, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, batter and assault and sustain a false arrest, thereby permitting the defendants to be in a position to violate plaintiff's rights.

46. Defendant THE CITY OF NEW YORK, being aware that such lack of training, supervision,

and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant THE CITY OF NEW YORK is aware of the persistent and substantial risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens and which are officially tolerated by defendant THE CITY OF NEW YORK. Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiff, in violation of plaintiff's rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

47. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

48. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

49. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created

through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, unlawful strip searches, arrests, detentions, malicious prosecution, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

50. The aforementioned customs, practices, procedures, and rules of the City and the NYPD are listed below in the following, non-exhaustive list of unconstitutional actions:

   a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

   b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

   c. Discouraging police officers from reporting the corrupt or unlawful acts of others;

   d. Retaliating against officers who report police misconduct; and

   e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

51. The existence of unconstitutional customs and policies, including those detailed herein, may be inferred from repeated occurrences of similar unconstitutional, illegal, and wrongful conduct, as documented in numerous civil actions, including, but not limited to, the following:

   a. *Thompson v. City of New York*, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

   b. *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

   c. *Zabala v. City of NewYork*, 37711/2010 (Sup. Ct. Kings Co.);

   d. *Ashe v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

   e. *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

   f. *Moise v. City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

    g. *Taylor-Mickens v. City of New York*, 09-CV-7923 (RWS) (S.D.N.Y.);

    h. *Carmody v. City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i. *McMillan v. City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j. *Avent v. City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.).

52. In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anectodal evidence of repeated, widespread falsification by arresting police officer of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration – through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

53. It is therefore axiomatic that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

54. As a direct result of defendants' actions, plaintiff suffered a denial of his federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiff, GEORGE TAYLOR by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A § 1983.

55. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great

humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorneys' fees;

    e. Such other further relief as this court may deem appropriate and equitable.

Dated: New York, New York  
       June 20, 2013

                                      Respectfully submitted,

                                      **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**  
                                      *Counsel for the Plaintiff*

                                      BY: _____  
                                      JESSICA MASSIMI, Esq. (JM-2920)  
                                      80 Maiden Lane, 12th Floor  
                                      New York, New York 10038  
                                      (212) 962-1020